IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHRIS C. DISHMON                                                                              PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:07cv471-DPJ-JCS

SHERIFF MALCOLM McMILLAN                                                        DEFENDANT

MEMORANDUM OPINION AND ORDER

This section 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint. Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the undersigned concludes that the complaint should be dismissed with prejudice.

Plaintiff, a state inmate, was previously incarcerated at the Hinds County Detention Center. He brought this action alleging detention center health officials denied him medical care for colon problems. In his Complaint, he said he was having trouble with "bloody diarrhea" and was having trouble breathing. At the omnibus hearing, he gave no further details on any breathing problem. He also indicated in his testimony that his main concern had been whether he was suffering from colon cancer and the fact that the HCDC would not send him to an outside physician for testing. He testified that since his transfer to Central Mississippi Correctional Facility he has been tested for this disease and that the test was negative. He gave no other details concerning the results of his alleged lack of medical treatment while at HCDC or any harm that he suffered from it.

Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Plaintiff's

allegations do not meet these standards.  He has not alleged that Defendant was deliberately indifferent to any serious need for medical treatment.

For these reasons,  Plaintiff's claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and  this dismissal will count as a "strike.[1]   A separate judgment will be entered.

So ordered and adjudged,  this the 5th day of March, 2008.

/s/ James C. Sumner

---
UNITED STATES MAGISTRATE JUDGE

---

[1]"The  three-strikes provision of the Prison Litigation Reform Act bars prisoners from proceeding *in forma pauperis* in a civil action or in an appeal of a judgment in a civil action if, while incarcerated, the prisoner has had three prior actions or appeals dismissed for being frivolous or malicious or for failure to state a claim, unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).